**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

DEC 28 2016

MOLLY C. DWYER, CLERK

| | |
|---|---|
| BIPIN BHAKTA, | No. 15-55474 |
| Plaintiff-Appellant, | D.C. No. 8:14-cv-00351-DOC-AN |
| v. | |
| HARTFORD LIFE AND ANNUITY INSURANCE COMPANY, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted December 7, 2016[**]
Pasadena, California

Before: CALLAHAN, BEA, and IKUTA, Circuit Judges.

Appellant Bipin Bhakta ("Bhakta") appeals from the district court's decision

on a motion for summary judgment upholding Hartford Life and Annuity Insurance

Company's ("Hartford") rescission of a life insurance policy held by Bhakta's

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

wife, Mrs. Gharmista Bhakta, for material misstatements on an insurance application. We review the district court's grant of summary judgment de novo, *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001), and affirm.

In December 2012, Mrs. Bhakta applied for a life insurance policy with Hartford, naming Bhakta as the beneficiary. Mrs. Bhakta denied a history of alcohol abuse, liver disease, or colitis. Two months later, in February 2013, Mrs. Bhakta died at the age of 41, with a final hospital diagnosis of, inter alia, "acute liver necrosis." Bhakta filed a claim for benefits, after which Hartford commenced an investigation into Mrs. Bhakta's cause of death and medical history. Mrs. Bhakta's medical records reflected a steady history of alcohol dependency since April 2010, liver disease since May 2010, and a diagnosis of colitis ten years before her death.

Under California insurance law, "any material misrepresentation or the failure, whether intentional or unintentional, to provide requested information permits rescission of the [insurance] policy by the injured party." *Mitchell v. United Nat'l Ins. Co.*, 127 Cal. App. 4th 457, 468 (2005) (internal quotation marks omitted); *Old Line Life Ins. Co. v. Superior Court*, 229 Cal. App. 3d 1600, 1604–05

2

(1991); *see* Cal. Ins. Code § 359. Whether a misrepresented fact is material turns on whether its truthful disclosure would have affected the insurer's decision whether to grant the policy. Cal. Ins. Code § 334.

It is undisputed that Mrs. Bhakta answered "no" to the question: "Have you ever been advised about, counseled or treated for the excessive use of alcoholic beverages?" Her medical records plainly belie this response, and reveal a repeated diagnosis of "alcohol dependence."[1] Those records also reference a discussion plan regarding Mrs. Bhakta's efforts to continue "not taking alcohol." Mrs. Bhakta was therefore at least "advised about" her "excessive use of alcoholic beverages," and her contrary answer was a material misrepresentation.[2] *San Francisco Lathing Co. v. Penn Mut. Life Ins. Co.*, 144 Cal. App. 2d 181, 186 (1956) ("An answer to a question as to whether an applicant had ever had a specified disease is material and, if false, avoids the policy.") (internal quotation marks omitted).

Bhakta contends that, notwithstanding any material misrepresentations,

---

[1] Mrs. Bhakta also represented to Hartford that her alcohol consumption consisted of one glass of wine "maybe once every two weeks."

[2] Because we conclude that Mrs. Bhakta's misrepresentation of her alcohol abuse provided an adequate basis for rescission, we need not decide whether there is a genuine issue of material fact whether Mrs. Bhakta also materially misrepresented her liver disease and colitis.

Hartford waived its right to rescind the policy by failing to investigate Mrs. Bhakta's medical history before issuing the policy. Bhakta argues that several facts available to Hartford should have put Hartford on inquiry notice of Mrs. Bhakta's alcohol problem, namely a brief case of mild depression reflective of family troubles, a respiratory infection, no work history, and elevated alanine transaminase ("ALT") and high-density lipoprotein ("HDL") cholesterol levels.

As a general rule, an insurer may rely upon the insured to provide such information as it needs to determine whether to provide coverage. *Old Line*, 229 Cal. App. 3d at 1604. California courts have held that "[r]equiring full disclosure at the inception of the insurance contract and granting a statutory right to rescind based on concealment or material misrepresentation at that time safeguard the parties' freedom to contract." *Mitchell*, 127 Cal. App. 4th at 468–69. Nonetheless, under California law, "[t]he right to information of material facts may be waived . . . by neglect to make inquiries as to such facts, where they are distinctly implied in other facts of which information is communicated." Cal. Ins. Code § 336; *see Anaheim Builders Supply, Inc. v. Lincoln Nat'l Life Ins. Co.*, 233 Cal. App. 2d 400, 410–11 (1965); *DuBeck v. Cal. Physicians' Serv.*, 234 Cal. App. 4th 1254, 1267–68 (2015).

4

Waiver is "ordinarily a question for the trier of fact[, but] . . . where there are no disputed facts and only one reasonable inference may be drawn, the issue can be determined as a matter of law." *DuBeck*, 234 Cal. App. 4th at 1265.

The information Hartford had in its possession at the time it issued the policy did not "distinctly impl[y]" Mrs. Bhakta's alcohol abuse, liver disease, or colitis. The only indicators in the record that Hartford's underwriting guidelines recognized as *possibly* reflecting alcohol abuse are elevated ALT and HDL levels and a history of depression.[3] But Bhakta offers no evidence that Mrs. Bhakta's slightly elevated ALT or HDL levels or a single instance of "mild depression" present "obvious leads" that "distinctly impl[y]" alcohol abuse or liver disease. *See Old Line*, 229 Cal. App. 3d at 1606. An elevated ALT level alone "is not very specific for alcohol abuse," nor does an elevated HDL level indicate "heavy alcohol use" unless associated with other risk factors. While an elevated ALT level *may* indicate alcohol abuse if the ratio of aspartate aminotransferase ("AST") to

---

[3]    Bhakta asserts that his wife's application contained three additional indicators of alcohol abuse, namely marital instability, frequent bronchial infections, and frequent job changes or poor employment. The record lacks evidentiary support for these contentions. At most, Mrs. Bhakta reported a single past respiratory infection and that she worked as a homemaker, which Hartford considers to be an occupation.

5

ALT is greater than 1, Mrs. Bhakta's AST-to-ALT ratio was only 0.76.

Where courts have found that an insurer waived its right to rescind, the insurer ignored evidence that flatly contradicted the insured's answers. *See, e.g.*, *Rutherford v. Prudential Ins. Co. of Am.*, 234 Cal. App. 2d 719, 734–35 (1965); *DiPasqua v. Cal. W. States Life Ins. Co.*, 106 Cal. App. 2d 281, 284 (1951); *DuBeck*, 234 Cal. App. 4th at 1257–58, 1268. Here, in contrast, the undisputed evidence only vaguely suggests the possibility of alcohol abuse or liver disease.[4]

Bhakta alternately argues that Hartford waived its right to rescind by engaging in unlawful post-claims underwriting. Bhakta's argument relies on an inapposite provision of California law, California Health and Safety Code § 1389.3, which applies to certain medical plans, not life insurance policies. *Nieto v. Blue Shield of Cal. Life & Health Ins. Co.*, 181 Cal. App. 4th 60, 84 (2010). Accordingly, Hartford did not waive its right to rescind Mrs. Bhakta's policy.

**AFFIRMED.**

---

[4] Bhakta proffered expert testimony that Hartford ignored indications of alcohol abuse, but that testimony relied on assertions not supported by the record—e.g., that Mrs. Bhakta experienced marital instability. *See supra* note 3; *see also* Fed. R. Evid. 702(b).